**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Fermina ATALIG, Defendant–**
**Appellant.**

**No. 06–10511.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2007.

Filed Sept. 6, 2007.

Timothy E. Moran, Esq., USNMI—Office of the U.S. Attorney, Saipan, MP, for Plaintiff–Appellee.

George Anthony Long, Esq., Law Office of G. Anthony Long, Saipan, MP, for Defendant–Appellant.

Before: ALARCÓN, BERZON, and TALLMAN, Circuit Judges.

MEMORANDUM *

Fermina Manglona Atalig appeals her conviction for conspiracy to submit false claims to the United States in violation of 18 U.S.C. §§ 287 & 1001 and seven counts of making false statements in violation of § 1001.[1]  Atalig also challenges her twen-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1.  In a separate published Opinion filed concurrently with this disposition we hold that the government provided sufficient evidence to support Atalig's conviction on all counts. *See United States v. Atalig,* 502 F.3d 1063 (9th Cir.2007).

ty-four month sentence as unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and affirm the judgment.

The district court did not abuse its discretion in denying Atalig's motion for judicial notice. *See United States v. Boulware,* 384 F.3d 794, 800–01 (9th Cir.2004). Atalig failed to provide the district court with the proper supporting material to consider her request. *See* Fed.R.Evid. 201(d) ("A court shall take judicial notice if requested by a party and *supplied with the necessary information.*" (emphasis added)); *see also Blas v. Talabera,* 318 F.2d 617, 619 (9th Cir.1963) (noting that, while the district court is authorized to take judicial notice of prior orders entered in the case, "it is not required to do so unless such orders are appropriately drawn to the court's attention"). The pending motion that we take judicial notice now of a fact from a different case involving an unrelated defendant prosecuted in the same district is denied for that reason.

We review de novo the district court's denial of a motion for new trial based on prosecutorial misconduct from the alleged use of false evidence at trial. *See United States v. Mullins,* 992 F.2d 1472, 1477 (9th Cir.1993). There was substantial evidence supporting the jury's guilty verdict. Even if Angie Manglona provided false testimony, that portion of her testimony was not reasonably likely to have affected the jury's verdict. *See Hovey v. Ayers,* 458 F.3d 892, 916 (9th Cir.2006) (stating that materiality of false testimony is determined by whether the testimony was reasonably likely to affect the jury verdict).

In sentencing Atalig to twenty-four months the district court properly took into consideration the need for the sentence to (1) promote respect for the law and just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A); (2) afford adequate deterrence, *id.* § 3553(a)(2)(B); and (3) to provide Atalig with needed educational, vocational or other correctional treatment, *id.* § 3553(a)(2)(D). This is sufficient to show that the district court considered the statutorily-designated factors. *See United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006). The twenty-four month sentence was reasonable. *See United States v. Mohamed,* 459 F.3d 979, 986–87 (9th Cir.2006) (stating that we do not review whether the district court erred in denying a departure from the guidelines, but that we review the entire sentence for reasonableness).

**AFFIRMED.**